# REEVES *v*. HATHCOCK.

[69 South. 684.]

JUSTICE OF THE PEACE.  *Appeals.*  *Dismissal.*

Where in a case. before a justice of the peace returnable May 6th, the entries on his docket showed that the case was continued to July. 1st and was then taken under advisement and on August the 5th a judgment was rendered reciting "after hearing all the evidence in the case," and it was admitted that July 1st and August 5th were regular return days for those months, it will be presumed that the justice proceeded in the regular way and heard testimony on August the 5th and the circuit court on appeal should have heard the case and not dismissed it on the ground that the judgment of the justice of the peace was void, especially since the circuit court would try the case *de novo* without reference to irregularities or lack of testimony in the court below.

APPEAL from the circuit court of Monroe county.

HON. CLAUDE CLAYTON, Judge.

Suit by W. J. Reeves, trustee against Evans Hathcock, begun in justice of the peace court and appealed by plaintiff to circuit court. There appeal dismissed, and plaintiff appeals.

The facts are fully stated in the opinion of the court.

*W. H. Clifton,* for appellant.

The suit was brought by plaintiff to the May term of Justice Lanthrip's Court, A. D. 1911; when both parties being present the cause was by agreement continued until the July term, 1911. At the July term, 1911, the case was taken under advisement by the court until the 5th day of August, 1911. The 1st day of July and the 5th day of August, 1911, were both regular court days; and it is immaterial whether Esquire Lanthrip heard all the testimony at his July term of court, or at his August

term of court, or whether a part of the testimony was taken at both terms of his court; the material fact in the case is that both the hearing of the case and the judgment rendered was had and done at regular terms of court. The fact that thirty-five days intervened between these courts is explained by the calendar for 1911, which shows that the first Saturday in July was the first day of the month while the first Saturday in August was the fifth day of the month. This but proves that the attorney for appellee admitted the fact when he admitted that both Saturdays, July 1, 1911, were both regular court days; and it is immaterial whether Esquire Lanthrip heard all the testimony at his July term of court, or at his August term of court. Or whether a part of the testimony was taken at both terms of his court; the material fact in the case is that both the hearing of the case and the judgment rendered, was had and done at regular terms of court.

The motion to dismiss the appeal is based on the assumption that the judgment was rendered in vacation; but it is both proven and admitted it was rendered at a regular term of the court. This was in strict accordance with the statute. Revised Code 1906, sec. 2728.

It is not the case of a justice adjourning his court from a regular court day to a day other than his regular court day for the hearing of a case in vacation, without the consent and agreement of the parties. *Railroad Co.* v. *Dalton,* 86 Miss. 299, 38 So. 285.

If on July 1, 1911, the justice heard all the testimony as the learned *nisi prius* justice contended, it was within the justice's judicial discretion to take the case under advisement until August 5, 1911; ''carry in his mind and breast the evidence theretofore taken until his regular term of court and then announce and enter up his judgment.'' This was a usual practice with circuit judges until the statute authorized them, like chancellors, to take a cause out under advisement for decision in vaca-

tion. And such a practice was in effect but a continuance of the cause from one term to another; and this is the most that can be said about this case. There is a greater reason for holding that the judgment was not only rendered on August 5, 1911, but all the testimony was heard on August 5, 1911, and if all the testimony was heard on that day then all the parties were present. And, if present, then by taking part in the proceedings they were consenting to it, and a justice of the peace may try a case in vacation and enter up his judgment by agreement or consent of the parties litigant. *Rice* v. *Locke,* 59 Miss. 189. So any view you may take of this case, we insist it was error to dismiss the appeal.

*M. C. Young,* for appellee.

The motion to dismiss the appeal in this case is based upon the facts recited in the judgment of the justice of the peace. There is no dispute that the case was continued, by agreement, to the first day of July, 1911, following which the judgment further says: "Taken under advisement, by the court, until the fifth day of August, 1911." Then follows the findings of the court, and these findings were thought out during the thirty-five days, while the justice of the peace was thinking, and advising with himself as to what his judgment should be. If the case was not tried on the 1st day of July, 1911, what did the justice of the peace take under advisement? Counsel for appellant seems to try to draw different and divergent states of fact from the very judgment of the justice of the peace. Notwithstanding all presumptions are indulged in favor of the validity of a judgment of a justice of the peace, yet he took the case under advisement, or he did not. His own judgment entry says that he did.

The sole and only question is sharply presented here— can a justice of the peace take a case under advisement? The answer is that he cannot. The juirsdiction and pow-

ers of a justice of the peace are limited and prescribed by statute. This court is not a court of record like a circuit court. The power to take cases under advisement, by a circuit court, is given and defined in section 786 of the Code of 1906, and chapter 158 of the Laws of 1912. No such authority is found in the law, giving and extending to a justice of the peace, this power and right. 12 American & English Enc. of Law, page 458, 24 Cyc. pages 598 to 600.

The case of *Rice* v. *Locke,* 59 Miss. 189, is not in point. In that case the parties agreed to continue and try the case on a day other than a regular term day of the court. The question of the right of a justice of the peace to take a case under advisement was not presented in that case. The case of *Railroad* v. *Dalton,* 86 Miss. 299, cited by counsel for appellant does not raise this question.

The first clause of section 2741 of the Code of 1906, reads: "On the return day of the summons the justice shall hear and determine the cause if the parties appear. Following this clause are several conditions and contingencies, but taking a case under advisement is not found among them. It says: 'Hear and determine,' the two words are inseparably coupled together, and mean when the case is heard it shall be determined. And hear and take under advisement cannot be read into it."

Whether the cause is taken under advisement to be decided in vacation, or on a regular court day is immaterial. There is no good reason or policy for such a procedure. If a justice of the peace had the right and power to take a case under advisement, what would the consequences be? The evil and inconveniences which would probably result from such a practice are many and apparent.

It is submitted that the judgment of the justice of the peace is void, and that the court below did not err in sustaining the motion of defendant there, and dismissing the appeal and taxing plaintiff below with the costs.

Cook, J., delivered the opinion of the court.

This case originated in the court of a justice of the peace, upon the following statement of the cause of action, viz.:

"Original Account & Affidavit.
"Justice Court 1st District,
"T. C. Lanthrip, J. P.
"State of Mississippi, County of Monroe.
"Complaint.

*W. J. Reeves, Trustee,* v. *Evans Hathcock.*

"The plaintiff, W. J. Reeves, trustee, sues the defendant Evans Hathcock for the value of one bale of cotton, the property of the said plaintiff, of the value of one hundred dollars which the said Evans Hathcock, defendant, has converted to his own use to plaintiff's damages one hundred dollars for which plaintiff brings this suit. This April 20, 1911.

"Bean & Stone, Attorneys for Plaintiff."

"State of Mississippi, Monroe County.

"Personally appeared before me the undersigned authority, W. Alfred Bean, attorney for W. J. Reeves, trustee, who on oath says that the above demand is just and true and owed by the party against whom charged and that no part of the same has been paid.

"W. Alfred Bean, Attorney for W. J. Reeves.

"T. C. Lanthrip, J. P. This the first day of July, 1911."

The transcript of the docket entries of the justice's court are as follows:

"State of Mississippi, County of Monroe.

*W. J. Reeves, as Trustee,* v. *Evans Hathcock.*

"Damage suit for one hundred dollars on a bale of cotton bought by defendant.

"Issued April 20, 1911, returnable, May 6, 1911.

"Copy of the judgment in styled case May 6, 1911, came the parties to the suit by an agreement of said par-

ties continued until the first day of July, 1911. Taken under advisement by the court until the fifth day of August, 1911. After hearing all the testimony in the case, after consideration of the court, finds in favor of defendant because he bought the bale of cotton in good faith, as proven, without notice either actual or constructive at the time purchase of the plaintiff lien and for a valuable consideration; and tax plaintiff with the cost of the suit. Aug. 5, 1911.

"T. C. Lanthrip, J. P."

The plaintiff appealed to the circuit court; and when the above record was filed in the circuit court the defendant below, appellee here, filed the following motion:

"Comes now the defendant by the attorney and moves the court to dismiss this case and the appeal herein:

"First. Because the case was tried in the justice of the peace court on July 1, 1911, and taken under advisement and judgment rendered and entered August 5, 1911, a period of thirty-five days from the date of trial.

"Second. Because the judgment of the justice of the peace is null and void,

"Third. Because there is and was no valid judgment in the court of the justice of the peace, from which to appeal, or upon which to predicate an appeal to the circuit court.

"Fourth. For other good and sufficient reasons."

After the filing of this motion the following agreed statement of facts was submitted to the court, viz.:

"It was then admitted by the attorney for the defendant that Esquire T. C. Lanthrip held his court on the first Saturday of each month, and that July 1, 1911, and August 5, 1911, were his regular court days for these months. This was all the evidence submitted on the said motion.

"Thereupon, after the argument of the counsel on said motion *pro* and *con* and due consideration had by the court, it was the order and judgment of the court that ·

the said motion be sustained, and the appeal dismissed, plaintiff and his sureties on the appeal bond be taxed with the cost."

We think the circuit court erred. The judgment shows that on August 5th the justice of the peace, "after hearing all the testimony in the case," rendered his judgment.

It is true that his record shows that the justice of the peace took the case under advisement until the term at which he rendered his final judgment; but we are unable to say from this statement whether or not he heard the testimony on July 5th. It will be presumed that the justice proceeded in the regular way, and, besides, the case is tried anew in the circuit court without reference to any irregularities or lack of testimony in the court below.

*Reversed and remanded.*